

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 18, 2026**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NFN8 GROUP, INC., | § | Case No. 26-10193 |
| NFN8 CAPITAL, LLC and | § | Case No. 26-10194 |
| NFN8 HOLDINGS, LLC | § | Case No. 26-10195 |
| | § | |
| Debtors[1]. | § | (Jointly Administered Under |
| | § | Case No. 26-10193) |

**ORDER APPROVING (A) BID PROCEDURES, INCLUDING PROCEDURES
FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND RELATED NOTICES,
(B) NOTICE OF AUCTION AND SALE HEARING, AND (C) RELATED RELIEF**

Upon the Motion, dated March 3, 2026 (the "Motion")[2] of NFN8 Group, Inc. ("NFN8

Group"), NFN8 Capital, LLC ("NFN8 Capital"), and NFN8 Holdings ("NFN8 Holdings")

(collectively, the "Debtors") in the above-captioned Chapter 11 cases for an order pursuant to

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: NFN8 Group, Inc. (9858); NFN8 Capital, LLC (4533); and NFN8 Holdings, LLC (3809).  The Debtors' service address is 13809 Research Boulevard, Suite 785, Austin, Texas 78750.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Practice and Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules") (i) approving the bid procedures (the "Bid Procedures," attached hereto as Exhibit 1) for the sale of substantially all of the Debtors' assets (the "Assets"), (ii) approving the procedures for the assumption, assignment, and sale of executory contracts and unexpired leases, including notice of proposed cure costs (the "Assumption and Assignment Procedures"), (iii) establishing a date for an auction (the "Auction") if the Debtors receive one or more timely and acceptable Qualified Bids, and a final hearing (the "Sale Hearing") to approve the sale of the Assets (the "Sale Transaction"), (iv) approving the form and manner of notice of the Auction and Sale Hearing, and the Assumption and Assignment Procedures, and (v) granting related relief, and the Court having determined that notice of the Motion was adequate and sufficient; and all such parties having been afforded due process and an opportunity to be heard with respect to the Motion and all the relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections and responsive pleadings filed in connection with the Motion, if any; and (iii) the representations of counsel made, and the evidence proffered, at the hearing to approve the Motion (the "Bid Procedures Hearing"); and the Bid Procedures Hearing having been held, and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 2002-1, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.	The statutory predicates for relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 2002-1.

C.	The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The entry of this Order is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

D.	The notice of the Motion, the Bid Procedures Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bid Procedures Hearing, or this Order is necessary or required.

E.	All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

F.	The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bid Procedures for the sale of substantially all of the Assets, (ii) approve the Assumption and Assignment Procedures, (iii) establish a date for the Auction and the Sale Hearing, (iv) approve the form and manner of notice of the Auction Sale Hearing, and the Assumption and Assignment Procedures, and (v) grant related relief. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing, are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

G.	The proposed *Notice of Auction and Sale Hearing* (the "Sale Notice,") substantially in the form attached hereto as Exhibit 2, and the proposed *Notice of Assumption and Assignment* to be served on the Contract Notice Parties (as defined herein) (the "Notice of Assumption and

Assignment,") substantially in the form attached hereto as Exhibit 3, are each calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption, assignment, and sale of the Debtors' executory contracts and unexpired leases (the "365 Contracts"), and will provide due and adequate notice of the relief sought in the Motion.

H.      The Debtors have demonstrated that the Bid Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the Debtors' estates.

I.      The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      All Objections to the relief requested in the Motion, if any, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are denied and overruled in their entirety on the merits, with prejudice.

3.      The Bid Procedures are hereby approved in their entirety in the form attached hereto as Exhibit 1. All actions of the Debtors as authorized herein may be taken by the Chief Restructuring Officer of the Debtors, Erik White, or the Independent Director of the Debtors, Eric Taube. Notwithstanding the foregoing, the consummation of the Sale Transaction shall remain subject to the entry of the Sale Order.

4.      The Debtors may proceed with the Sale Transaction in accordance with the Bid Procedures and are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

5.      The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates, their creditors and other parties in interest. Any disputes as to the selection of a Qualified Bid, Initial Highest Bid and/or Successful Bid (all as defined in the Bid Procedures) shall be resolved by this Court.

6.      The Debtors are authorized to conduct the Auction in the event he receives one or more timely and acceptable Qualified Bids. The Auction is necessary to ensure that the Debtors receive the highest or best purchase offer for their Assets, thus maximizing value to the Debtors' estates and resulting distributions to their creditors.

7.      The form of Sale Notice attached hereto as Exhibit 2 is hereby approved.

8.      Within two (2) business days after the Court enters this Order, the Debtors shall serve the Sale Notice by first class United States mail, facsimile, electronic transmission, or overnight mail on (i) the Office of the United States Trustee for the Western District of Texas; (ii) counsel to DIP Lender, Fishell Law Group, 602 Sawyer Street, Suite 400 Houston, TX 77007; (iii) if applicable, any Stalking Horse Purchaser selected by the Debtors; (iv) all entities known by the Debtors to have asserted any lien, claim, encumbrance, or other interest in the Assets (for whom identifying information and addresses are available to the Debtors); (iv) all entities known by the Debtors to have expressed an interest in a transaction with respect to the Assets during the past six (6) months; (v) all non-Debtor parties to the 365 Contracts (for whom identifying information and addresses are available to the Debtors); (vi) any Governmental Authority known to have a claim in the bankruptcy cases; (vii) the Internal Revenue Service; (viii) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (ix) all of the Debtors' known creditors;

and (x) all other Persons as directed by the Court (for whom identifying information and addresses are available to the Debtors) (collectively, the "Sale Notice Parties").

9. Service of the Sale Notice as approved and set forth herein shall be deemed proper, due, timely, good, and sufficient notice of, among other things, the entry of this Order, the Bid Procedures, the Auction, the Sale Hearing, the Objection Deadlines, and the proposed Sale Transaction, including the transfer of the Debtors' right, title and interest in, to and under the Debtors' assets free and clear of any and all liens[3], claims, encumbrances, and other interests, and no other or further notice is necessary.

10. The form of Notice of Assumption and Assignment attached hereto as Exhibit 3 is approved. In combination with the Sale Notice, the Notice of Assumption and Assignment (i) contains the type of information required under Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1 that is currently known to the Debtors and (ii) is reasonably calculated to provide due, adequate and timely notice to all counterparties of (a) the assumption and assignment of the 365 Contracts and rights thereunder, (b) once designated by a Qualified Bidder as a contract that such bidder desires to assume, the maximum amount and manner offered to satisfy the Cure Costs, and (c) the deadline to file objections to such assumption and assignment, applicable cure costs (if designated by a Qualified Bidder as a contract that they wish to assume), the existence of any defaults, and/or adequate assurance of future performance.

11. One day after the Auction, the Debtors shall file with the Court and serve via facsimile, electronic transmission, overnight, or first-class mail on all counterparties to any of the Debtors' executory contracts and unexpired leases (together, the "365 Contracts") and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively,

---

[3] As used herein, the term "liens" shall include, without limitation, "Liens" as defined in the Bankruptcy Code.

the "Contract Notice Parties") a notice of assumption, assignment and sale substantially in the form of the Notice of Assumption and Assignment attached to this Order as Exhibit 3.

12.     If at any time after the entry of the Sale Order, the Debtors identify additional prepetition executory contracts or unexpired leases to be assumed and assigned to the Successful Bidder(s), the Debtors shall serve a supplemental notice of assumption and assignment (the "Supplemental Assumption and Assignment Notice") by facsimile, electronic transmission, hand delivery or overnight mail on the counterparty (and its attorney, if known) to each supplemental 365 Contract at the last known address available to the Debtors by no later than ten days before the proposed effective date of the assignment.

13.     Any counterparty to a 365 Contract shall file and serve on the Objection Recipients (as defined below) any objections to (a) the proposed assumption, assignment and sale of the 365 Contracts (and must state in its objection, with specificity, the legal and factual basis thereof) and (b) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof) no later than April 16, 2026 (the "Assumption and Assignment Objection Deadline" and, together with the Sale Objection Deadline (as defined herein), the "Objection Deadlines"). The "Objection Recipients" are (i) the Office of the United States Trustee for the Western District of Texas, shane.p.tobin@usdoj.gov; (ii) counsel to the Debtors, Kane, Russell, Coleman & Logan, P.C., Attn: Trip Nix, 401 Congress Ave., Ste. 2100 78701, tnix@krcl.com; (iii) counsel to the DIP Lender, Fishel Law Group, Attn: Michael Fishel, 602 Sawyer Street, Suite 400, Houston, Texas 77007, michael@fishellawgroup.com; and (v) if Applicable, any Stalking Horse Purchaser selected by the Debtors.

14. If a counterparty to a 365 Contract files a timely objection asserting a higher cure than the maximum Cure Costs set forth in the notice set forth herein, and the parties are unable to consensually resolve the dispute prior to the hearing to resolve any such objection, the amount to be paid or reserved with respect to such objection will be determined by the Court at a hearing (the "Assumption/Assignment Hearing"), the amount to be paid or reserved with respect to such objection will be determined at the Assumption/Assignment Hearing. All other objections to the proposed assumption and assignment of the Debtors' right, title, and interest in, to and under the 365 Contracts, if it is ultimately designated a 365 Contract that the Successful Bidder proposes be assumed, assigned, and sold to it in connection with the transaction (a "Desired 365 Contract"), will also be heard at the Assumption/Assignment Hearing, unless the Desired 365 Contract has not yet been, in which event any determination (including the resolution of any dispute with respect to Cure Costs) shall be determined within thirty (30) days after the Closing.

15. If no objection is timely filed and served, the counterparty to a 365 Contract shall be deemed to have consented to the assumption, assignment and sale of the 365 Contract to the Successful Bidder(s) if such 365 Contract is designated by the Successful Bidder(s) as a Desired 365 Contract and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by the Successful Bidder(s). Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Assumption/Assignment Hearing and shall be resolved at the Assumption/Assignment Hearing. The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any 365 Contract, or any other document, and the counterparty to the 365 Contract shall be deemed to

have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such 365 Contract against the Debtors or the Successful Bidder(s), or the property of any of them.

16.     Any and all objections, if any, to any Sale Transaction, including objections to the Auction and the selection of any Successful Bidder(s), must be filed on or before April 13, 2026 (the "Sale Objection Deadline") and be served on the Objection Recipients.

17.     Any party failing to timely file an objection to any Sale Transaction shall be forever barred from objecting and shall be deemed to have consented to any Sale Transaction, including the transfer of the Debtors' right, title, and interest in, to and under the Debtors' Assets free and clear of any and all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction.

18.     Any party desiring to submit a bid for the Debtors' right, title and interest in, to and under any of the Debtors' Assets must comply with the Bid Procedures. Only representatives of the Debtors and holders of Qualified Bids shall be entitled to be present at the Auction.

19.     To the extent that one or more timely and acceptable Qualified Bids are received, the Debtors shall conduct an auction on April 8, 2026 at the offices of Kane, Russell, Coleman & Logan, P.C., 401 Congress Ave., Ste. 2100, Austin, Texas 78701 at 10:00 a.m. (prevailing Central Time). The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than substantially all, of the Debtors' Assets if the Debtors determine in their business judgment that such process would be in the best interests of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction.

20.     The Debtors may, with the consent of the DIP Lender not to be unreasonably withheld, make alterations to these Bid Procedures and/or terminate discussions with any and all prospective acquirers at any time and without specifying the reasons therefor, but only to the extent

not materially inconsistent with the Bid Procedures, but including changes so as to modify deposit amounts and to modify or eliminate the requirements with respect to Back-Up Bidders.

21.     The Debtors will file the proposed Sale Order by no later than April 14, 2026.

22.     The Sale Hearing shall be held on April 16, 2026 at 9:30 a.m. (prevailing Central Time) in the courtroom of the Honorable Shad Robinson at the United States Bankruptcy Court, 903 San Jacinto Blvd., Austin, Texas 78701, 3rd Floor, Courtroom 1.

23.     Copies of the Bid Procedures may be downloaded at PACER or at the Claims Agent website for this matter at https://dm.epiq11.com/case/nfn8/info.

24.     Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

25.     The terms of this Order shall control to the extent of any conflict with the Motion.

26.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

###

## Exhibit 1

**Bid Procedures**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NFN8 GROUP, INC., | § | Case No. 26-10193 |
| NFN8 CAPITAL, LLC and | § | Case No. 26-10194 |
| NFN8 HOLDINGS, LLC | § | Case No. 26-10195 |
| | § | |
| Debtors[1]. | § | (Jointly Administered Under |
| | § | Case No. 26-10193) |

**BID PROCEDURES FOR THE SALE OF**
**SUBSTANTIALLY ALL OR A PORTION OF THE DEBTORS' ASSETS**

NFN8 Group, Inc. ("NFN8 Group"), NFN8 Capital, LLC ("NFN8 Capital"), and NFN8 Holdings, LLC ("NFN8 Holdings") (collectively, the "Debtors"), sets forth the following bid procedures (the "Bid Procedures") to be employed in connection with an auction, if the Debtors receive one or more timely Qualified Bids (the "Auction"), for the sale of substantially all of the Debtors' assets. At a hearing following the Auction (the "Sale Hearing"), the Debtors will seek the entry of an order (the "Sale Order") from the United States Bankruptcy Court for the Western District of Texas, Austin Division, authorizing and approving the transactions contemplated by the Asset Purchase Agreement (the "Asset Purchase Agreement") among the Debtors and the Qualified Bidder(s) (as defined herein) that the Debtors determine, in consultation with the DIP Lender, to have made the highest or otherwise best bid(s) (each, a "Successful Bidder"). The Asset Purchase Agreement provides for the transfer of the Debtors' right, title, and interest in, to and under substantially all of the Debtors' assets. These Bid Procedures have been approved and authorized pursuant to the *Order Approving (A) Bid Procedures, Including Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (B) Notice of Auction and Sale Hearing, and (C) Related Relief* (the "Bid Procedures Order") entered by the Court on March [___], 2026.

## A.    Approvals

The proposed sale(s) shall in all respects be subject to approval by the Court and in compliance with: (i) the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) other applicable rules and law, including, without limitation, the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules") and Orders of the Bankruptcy Court.

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: NFN8 Group, Inc. (9858); NFN8 Capital, LLC (4533); and NFN8 Holdings, LLC (3809). The Debtors' service address is 13809 Research Boulevard, Suite 785, Austin, Texas 78750.

**B.    Assets to Be Sold**

The Auction shall consist of all of the assets (the "Assets") owned by the Debtors or used in the Debtors' business operations, including, but not limited to, their inventory, cash, intellectual property, insurance proceeds, executory contracts, unexpired leases of nonresidential real property, and certain property, plant and equipment.

**C.    Preliminary Diligence**

Upon execution of a valid confidentiality agreement, in form and substance satisfactory to the Debtors, any prospective bidder (each, a "Potential Bidder") identified by the Debtors as reasonably likely to be a Qualified Bidder (as defined herein) that wishes to conduct due diligence on any of the Assets may be granted access to all material information regarding the Debtors, provided that, if any Potential Bidder is (or is affiliated with) a competitor of the Debtors, the Debtors will not be required to disclose to such Potential Bidder any trade secrets or proprietary information unless the confidentiality agreement executed by such Potential Bidder contains appropriate provisions to ensure that such trade secrets or proprietary information will not be used for an improper purpose or to gain an unfair competitive advantage.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. All due diligence requests shall be directed to Synteq Digital, Attn: Taras Kulyk (taras@synteq.digital) and Joe Stefanelli (joe@synteq.digital). None of the Debtors, their affiliates, or any of their respective representatives is obligated to furnish any information relating to the properties or equity interest in any of the respective Debtors other than a Potential Bidder. If the Debtors determine that a Potential Bidder does not constitute a Qualified Bidder, then such Potential Bidder shall not be entitled to receive due diligence access or additional non-public information.

Any bidder(s) determined by the Debtors to have made the highest or otherwise best bid(s) (each, a "Successful Bidder") must complete its due diligence prior to the Sale Hearing. There shall be no other provision for the completion of due diligence after the Bid Deadline.

**D.    Bid Deadline**

Any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined herein) on or before April 3, 2026 at 5:00 p.m. (prevailing Central Time) (the "Bid Deadline") in writing, to (i) counsel to the Debtors, Kane, Russell, Coleman & Logan, P.C., Attn: Trip Nix, 401 Congress Ave., Ste. 2100, Austin, Texas 78701, tnix@krcl.com; and (ii) Syntek Digital via email to taras@syntek.digital and joe@syntek.digital. The Debtors may, extend the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension. A copy of all Qualified Bids shall be provided, on a professionals' eyes only basis, to the advisors to the DIP Lender (except that the name of the bidder will be redacted) upon receipt by the Debtors.

**E.     Qualified Bids**

To participate in the bidding process and be deemed a "Qualified Bidder," each Potential Bidder must submit a "Qualified Bid" by the Bid Deadline. To constitute a Qualified Bid, a bid must:

(a)     be in writing;

(b)     identify the Assets, or the portion thereof, to be purchased, the liabilities, if any, to be assumed, and the cash purchase price;

(c)     include a proposed list of the Debtors' 365 Contracts that the Potential Bidder proposes be assumed, assigned, and sold to it in connection with the transaction (the "Desired 365 Contracts") and proposed adequate assurance of future performance;

(d)     fully disclose the legal identity of each entity that will be bidding for the applicable Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

(e)     fully disclose any connections or agreements with the Debtors, any other known Potential Bidder or Qualified Bidder, and/or any officer or director of the Debtors;

(f)     provide an irrevocable offer in the form of an executed copy of the Asset Purchase Agreement (with any modifications, the "Modified Asset Purchase Agreement"), including all exhibits and schedules contemplated thereby (other than exhibits and schedules that by their nature must be prepared by the Debtors);

(g)     include a marked copy of the Modified Asset Purchase Agreement reflecting the differences between the Modified Asset Purchase Agreement and the Asset Purchase Agreement;

(h)     for any bid that requires the assumption and assignment of executory contracts or unexpired leases, identify which executory contracts and/or unexpired leases are to be assumed and assigned and provide evidence establishing its ability to provide adequate assurance of future performance of such executory contracts or unexpired leases;

(i)     state that such bidder is financially capable of consummating the transactions contemplated by the Modified Asset Purchase Agreement and detail the source(s) of funds that will be used to consummate the transactions;

(j)     include satisfactory evidence of committed financing or other financial ability to consummate the transactions contemplated by the Modified Asset Purchase Agreement in a timely manner;

(k)     expressly acknowledge and represent that the Potential Bidder (i) has had an opportunity to conduct any and all due diligence regarding the business and assets of the Debtors prior to making its bid (unless the bidder (a) has been designated a Stalking Horse Purchaser), or (b) the Debtors have not designated a Stalking Horse Purchaser, in which case any Successful Bidder at the Auction may perform any and all due diligence by the Sale Hearing, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the Assets in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the business or Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Modified Asset Purchase Agreement ultimately accepted and executed by the Debtors;

(l)     not contain any financing contingencies of any kind;

(m)     not contain any condition to closing of the transaction on the receipt of any third-party approvals (excluding required Court approval and any required governmental and/or regulatory approval, if any);

(n)     include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified Asset Purchase Agreement;

(o)     state the specific person(s) whom the Debtors and the Broker, should contact in the event that the Debtors have any questions or wish to discuss the Modified Asset Purchase Agreement;

(p)     include a good faith deposit (the "Good Faith Deposit") in the form of a certified or bank check (or other form acceptable to the Debtors in their sole and absolute discretion) payable to the order of NFN8 Group, Inc. c/o Erik White, its Chief Restructuring Officer. in an amount equal to ten (10%) percent of the purchase price offered to purchase the Assets. All Good Faith Deposits shall be held in a segregated account by the Debtors until no later than ten (10) days after the Sale Hearing and thereafter returned to the respective bidders in accordance with these Bid Procedures, unless the bidder has been selected as the Back-Up Bidder (as defined herein).

The Debtors shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids by no later than April 5, 2026 at 5:00 p.m. (prevailing Central Time).

The Debtors will consider bids for less than a substantial (but nevertheless a material) portion of the Assets. In this regard, with the goal and primary purpose of selling substantially all of the Assets, the Debtors, in their sole and absolute discretion, may accept as a single Qualified Bid, multiple bids for non-overlapping material portions of the Assets such that, when taken

together in the aggregate, such bids would otherwise meet the standards for a single Qualified Bid. The Debtors may permit otherwise Qualified Bidders who submitted bids by the Bid Deadline for less than a substantial (but nevertheless a material) portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of such multiple bids, to participate in the Auction and to submit higher or otherwise better bids that in subsequent rounds of bidding may be considered, together with other bids for non-overlapping material portions of the Assets, as part of such a single Qualifying Bid for overbid purposes.

Notwithstanding the foregoing, a "Qualified Bid" shall also require that one or more binding bids (which may consist of one or more transactions, including transactions with multiple purchasers and bids for less than all of the Debtors' assets) submitted in connection with the sale process that, when taken together in the aggregate, provide for cash proceeds sufficient to pay in full all DIP Obligations (including all principal, interest, fees, expenses, and other amounts due under the DIP Term Sheet and DIP Order), whether through a single transaction or a series of related or unrelated transactions, which shall be subject to waiver in the DIP Lender's sole discretion.

## F.     Auction, Auction Procedures, and Overbids

In the event that the Debtors receive one or more timely Qualified Bids with an acceptable purchase price, the Debtors shall conduct the Auction. The Auction, if required, will be conducted at the offices of Kane, Russell, Coleman & Logan, P.C., 401 Congress Ave., Ste. 2100, Austin, Texas 78701 on April 8, 2026 at 10:00 a.m. (prevailing Central Time), or such other location as designated by the Debtors in a notice to all Qualified Bidders. The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all, of the Debtors' Assets if the Debtors determine, in their business judgment, that such process would be in the best interest of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction.

The Auction shall be governed by the following procedures, subject to modification by the Debtors at the Auction:

(a)     The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(b)     Only representatives of the Debtors, holders of Qualified Bids, and advisors for the DIP Lender shall be entitled to be present at the Auction.

(c)     Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction.

(d)     Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

(e)     Bidding shall commence at the amount of the Qualified Bid or combination of Qualified Bids that the Debtors, in consultation with the DIP Lender, determine in their business judgment to be the highest or best Qualified Bid (the "Initial Highest Bid").

(f)     Qualified Bidders may then submit successive bids higher than the previous bid, based on and increased from the Initial Highest Bid, in increments of $50,000. The Debtors reserves the right, in their discretion and subject to the exercise of his business judgment, to announce reductions or increases in minimum incremental bids at any time during the Auction. All Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or their respective Modified Asset Purchase Agreement, as applicable, at the Auction to improve such bids. The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

(g)     All Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or their respective Modified Asset Purchase Agreement, as applicable, at the Auction to improve such bids.

(h)     The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

(i)     The Debtors reserve the right to (x) determine, in their reasonable discretion, which bid is the highest or otherwise best and (y) reject at any time, without liability, any offer that the Debtors, in their reasonable discretion, deem to be (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or in the Bid Procedures Order, or (3) contrary to the best interests of the Debtors and their estates.

(j)     The Auction among Qualified Bidders shall continue according to these procedures until the Debtors determine, subject to Court approval, that the Debtors have received the Successful Bid. In making this decision, the Debtors may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualified Bidders' ability to close a given transaction, the proposed timing thereof, and rights of such Qualified Bidder and the Debtors with respect to the termination thereof, the number, type and nature of any changes reflected in the Modified Asset Purchase Agreement requested by each Qualified Bidder, and the net benefit to the Debtors' estates. The Qualified Bidder(s) submitting such Successful Bid(s) for the Assets shall become the Successful Bidder(s) and shall have such rights and responsibilities of a purchaser, as set forth in the Modified Asset Purchase Agreement or Asset Purchase Agreement, as applicable.

Bids made after the close of the Auction shall not be considered by the Debtors. All Qualified Bidders at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction.

On or before April 9, 2026, the Debtors shall cause the results of the Auction, including a copy of the Successful Bid(s), the identity of the Successful Bidders, and each Successful Bidder's proposed form of adequate assurance of future performance, to be filed with the Bankruptcy Court.

## G.  **Back-Up Bidder and Return of Good Faith Deposits**

If an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Qualified Bid for the Assets at the Auction (the "***Back-Up Bid***") shall be required to serve as the back-up bidder (the "Back-Up Bidder") for such Assets and keep such Back-Up Bid open and irrevocable until the first to occur of (i) sixty (60) days after the completion of the Auction, (ii) consummation of the transaction with the Successful Bidder, or (iii) the Back-Up Bidder's receipt of notice from the Debtors of the release by the Debtors of the Back-Up Bidder's obligations. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale Transaction because of a breach or failure to perform on the part of such Successful Bidder or otherwise, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

Except as provided herein, Good Faith Deposits shall be returned without interest to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the tenth (10th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until ten (10) business days after the closing of the Sale Transaction with the Successful Bidder or termination of the Back-Up Bid as provided above.

## H.  **Credit Bid**

Subject to section 363(k) of the Bankruptcy Code, the DIP Lender may credit bid all or any portion of its claims, including, without limitation, the DIP Obligations and the DIP Claims, in connection with any proposed sale of any, all, or substantially all of the Debtors' assets, whether occurring pursuant to section 363 of the Bankruptcy Code or included as part of a plan under section 1123 of the Bankruptcy Code, including a plan subject to confirmation under section 1129(b)(2)(A)(ii) of the Bankruptcy Code, or a sale or disposition by a Chapter 7 trustee for any of the Debtors under section 725 of the Bankruptcy Code. In connection with any such credit bid by the DIP Lender, the Debtors shall, upon reasonable advance notice by the DIP Lender, provide for the assignment of such DIP Lender's right to purchase the acquired assets to one or more of the applicable DIP Lender's sub-agents or a newly formed acquisition vehicle.

## I.  **Reservation of Rights**

The Debtors reserve the right, with the consent of the DIP Lender not to be unreasonably withheld, to make alterations to these Bid Procedures and/or terminate discussions with any and all prospective acquirers at any time and without specifying the reasons therefor, but only to the extent not materially inconsistent with the Bid Procedures, but including changes so as to modify deposit amounts and to modify or eliminate the requirements with respect to Back-Up Bidders.

**J.** **Sale Hearing**

The Successful Bid(s) will be subject to approval by the Bankruptcy Court. The Sale Hearing will take place on April 16, 2026 at 9:30 a.m. (prevailing Central Time) before the Honorable Shad Robinson at the United States Bankruptcy Court, 903 San Jacinto Blvd., Austin, Texas 78701, 3rd Floor, Courtroom 1.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court on the date scheduled for the Sale Hearing or on the Court's docket.

The Debtors' presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute the Debtors' acceptance of the bid. The Debtor will be deemed to have accepted a bid only when the bid has been approved by order of the Bankruptcy Court.

**Exhibit 2**

**Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NFN8 GROUP, INC., | § | Case No. 26-10193 |
| NFN8 CAPITAL, LLC and | § | Case No. 26-10194 |
| NFN8 HOLDINGS, LLC | § | Case No. 26-10195 |
| | § | |
| Debtors[1]. | § | (Jointly Administered Under |
| | § | Case No. 26-10193) |

**NOTICE OF AUCTION AND SALE HEARING**

PLEASE TAKE NOTICE that on February 2, 2026, NFN8 Group, Inc., NFN8 Capital, LLC, and NFN8 Holdings, LLC, as debtors and debtors in possession (collectively, the "Debtors"), each filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

PLEASE TAKE NOTICE that on March [___], 2026, the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") entered an order (the "***Bid Procedures Order***") approving the *Debtors' Motion for (I) Order Approving (A) Bid Procedures, Including Procedures for Selection of Stalking Horse Purchasers, (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction, Stalking Horse Hearing and Sale Hearing, and (D) Related Relief and (II) Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f), and (m), (B) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and Related Cure Amounts, and (C) Granting Related Relief* (the "Sale Motion").[2] The Sale Motion and Bid Procedures Order also sought to establish (i) an auction (the "Auction"), and (ii) a final hearing (the "Sale Hearing") to approve the sale of substantially all of the Debtors' assets (the "Sale Transaction"), all as more fully described in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, if the Debtors receive one or more timely and acceptable Qualified Bids (as defined in the Bid Procedures Order) for the Assets, the Auction shall take place on **April 8, 2026 at 10:00 a.m. (prevailing Central Time)** at the offices of Kane, Russell, Coleman & Logan, P.C., 401 Congress Ave., Ste. 2100, Austin, Texas 78701, or such other location as designated by the Debtors in a notice to all Qualified Bidders. Only representatives of the Debtors, holders of Qualified Bids, and advisors for

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: NFN8 Group, Inc. (9858); NFN8 Capital, LLC (4533); and NFN8 Holdings, LLC (3809). The Debtors' service address is 13809 Research Boulevard, Suite 785, Austin, Texas 78750.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

the DIP Lenders shall be entitled to be present at the Auction, and only parties that have submitted a Qualified Bid, as set forth in the Bid Procedures Order, by no later than **April 3, 2026 at 5:00 p.m. (prevailing Central Time)** (the "Bid Deadline") may bid at the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bid Procedures.

PLEASE TAKE FURTHER NOTICE that the Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all, of the Debtors' Assets if the Debtors determine, in their business judgment, that such process would be in the best interest of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing to consider approval of the sale of the Assets to the winning bidder at the Auction, free and clear of all liens, claims, encumbrances and other interests, will be held before the Honorable Shad M. Robinson at the United States Bankruptcy Court, 903 San Jacinto Blvd., 3rd Floor, Courtroom 1, Austin, Texas 78701 on **April 16, 2026 at 9:30 a.m. (prevailing Central Time)**, or at such other time as the Court is available.

PLEASE TAKE FURTHER NOTICE that objections to the sale, if any, must be filed and served so as to be actually received by the Objection Recipients no later than **April 13, 2026 at 11:59 p.m. (prevailing Central Time)**.

PLEASE TAKE FURTHER NOTICE that the Objection Recipients are (i) the Office of the United States Trustee for the Western District of Texas, shane.p.tobin@usdoj.gov; (ii) counsel to the Debtors, Kane, Russell, Coleman & Logan, P.C., Attn: Trip Nix, 401 Congress Ave., Ste. 2100, Austin, Texas 78701, tnix@krcl.com; (iii) counsel to the DIP Lender, Fishell Law Group, Attn: Michael Fishel, 602 Sawyer Street, Suite 400, Houston, Texas 77007 michael@fishellawgroup.com; and (iv) if Applicable, any Stalking Horse Purchaser selected by the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER HEARING AND NOTICE.**

PLEASE TAKE FURTHER NOTICE that this Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Sale Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Assets and/or copies of any related document, including the Sale Motion, the form of Asset Purchase Agreement filed with the Sale Motion, or the Bid Procedures Order, may make a written request to Kane, Russell, Coleman & Logan, P.C., 401 Congress Ave., Ste. 2100, Austin. Texas 78701, Attn: Trip Nix tnix@krcl.com. In addition, copies of the Sale Motion, the Bid Procedures Order and this Notice may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet

11880875v4 (75537.00003.000)

at PACER (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov) or at the Claims Agent website for this matter at https://dm.epiq11.com/case/nfn8/info.

11880875v4 (75537.00003.000)

**Exhibit 3**

**Notice of Assignment and Assumption**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NFN8 GROUP, INC., | § | Case No. 26-10193 |
| NFN8 CAPITAL, LLC and | § | Case No. 26-10194 |
| NFN8 HOLDINGS, LLC | § | Case No. 26-10195 |
| | § | |
| Debtors[1]. | § | (Jointly Administered Under |
| | § | Case No. 26-10193) |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**WHICH MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH**
**THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**
**AND THE PROPOSED CURE AMOUNT WITH RESPECT THERETO**

You are receiving this *Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned in Connection With the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amount With Respect Thereto* (the "Notice of Assumption and Assignment") because you may be a counterparty to an executory contract or unexpired lease with **NFN8 Group, Inc., NFN8 Capital, LLC, and NFN8 Holdings, LLC** (collectively, the "**Debtors**"). Please read this notice carefully as your rights may be affected by the transactions described herein.

PLEASE TAKE NOTICE that on March [__], 2026, the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") entered an order (the "Bid Procedures Order") approving the *Debtors' Motion for (I) Order Approving (A) Bid Procedures, Including Procedures for Selection of Stalking Horse Purchasers, (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction, Stalking Horse Hearing and Sale Hearing, and (D) Related Relief and (II) Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f), and (m), (B) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and Related Cure Amounts, and (C) Granting Related Relief* (the "Sale Motion").[2] The Sale Motion and Bid Procedures Order set forth certain procedures (the "Bid Procedures") in connection with the sale of substantially all of the Debtors' assets (the "Sale Transaction").

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: NFN8 Group, Inc. (9858); NFN8 Capital, LLC (4533); and NFN8 Holdings, LLC (3809). The Debtors' service address is 13809 Research Boulevard, Suite 785, Austin, Texas 78750.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, the Debtors have established procedures for the assumption, assignment and sale of certain executory contracts and unexpired leases (collectively, the "365 Contracts") to a potential purchaser and the determination of related Cure Costs (as defined herein). The Debtors are parties to numerous 365 Contracts and, in accordance with the Bid Procedures Order, the Debtors hereby file this notice identifying (i) the 365 Contracts which may be assumed and assigned to a Successful Bidder in connection with the Sale Transaction and (ii) the proposed amounts, if any, the Successful Bidder believes are owed to the counterparty to the 365 Contract to cure all defaults or arrears existing under the 365 Contract (the "Cure Costs"), both as set forth on Exhibit A attached hereto.

PLEASE TAKE FURTHER NOTICE that the listing of a 365 Contract on Exhibit A does not constitute an admission that the agreement is an executory contract or unexpired lease as contemplated by section 365(a) of the Bankruptcy Code or that the [Debtors] have any liability thereunder, and the [Debtors] expressly reserve all of their rights, claims, causes of action and defenses with respect to the 365 Contracts listed on Exhibit A.

PLEASE TAKE FURTHER NOTICE that any objections to the assumption, assignment, and sale of any 365 Contract identified in this Notice (except with respect to the adequate assurance of future performance by any Successful Bidders), must be (i) in writing, (ii) filed with the Bankruptcy Court and (iii) served on (i) the Office of the United States Trustee for the Western District of Texas, shane.p.tobin@usdoj.gov; (ii) counsel to the Debtors, Kane, Russell, Coleman & Logan, P.C., Attn: Trip Nix, 401 Congress Ave., Ste. 2100, Austin, Texas 78701, tnix@krcl.com; (iii) counsel to the DIP Lender, Fishel Law Group, 602 Sawyer Street, Suite 400, Houston, Texas 77007, Attn: Michael Fishel, michael@fishellawgroup.com; and (iv) the Successful Bidder. (collectively, the "Objection Recipients") by **April 16, 2026 at 5:00 P.M**. (prevailing Central time) (the "Assumption and Assignment Objection Deadline"). Any such objections must set forth any objection to the possible assumption, assignment, and sale of the 365 Contracts (and must state, with specificity, the legal and factual basis thereof) and, if applicable, the proposed Cure Costs (and must state, with specificity, what Cure Costs are required with appropriate documentation in support thereof).

PLEASE TAKE FURTHER NOTICE that if a counterparty to a 365 Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs, and the parties are unable to consensually resolve the dispute, a hearing will be held before the Court (the "Assumption/Assignment Hearing"), the amount to be paid or reserved with respect to such objection will be determined at the Assumption/Assignment Hearing. All other objections to the proposed assumption and assignment of the Debtors' right, title, and interest in, to and under the 365 Contracts, if it is ultimately designated a 365 Contract that the Successful Bidder proposes be assumed, assigned, and sold to it in connection with the transaction (a "Desired 365 Contract"), will also be heard at the Assumption/Assignment Hearing, unless the Desired 365 Contract has not been identified until such hearing in which event any determination (including the resolution of any dispute with respect to Cure Costs) shall be determined within thirty (30) days after the Closing.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed and served, the counterparty to a 365 Contract shall be deemed to have consented to the assumption, assignment and sale of the 365 Contract to any Successful Bidder(s) if such 365 Contract is designated by any Successful Bidder(s) as a Desired 365 Contract and shall be forever barred from asserting any

objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by any Successful Bidder(s).  Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Assumption/Assignment Hearing and will be resolved at the Assumption/Assignment Hearing. The Cure Costs provided to the contract counterparty shall be controlling, notwithstanding anything to the contrary in any 365 Contract, or any other document, and the counterparty to the 365 Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such 365 Contract against the Debtors or the Successful Bidder(s), or the property of any of them.

PLEASE TAKE FURTHER NOTICE that on or before April 9, 2026, the Debtors will file each Successful Bidder's proposed form of adequate assurance of future performance with the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that although the Debtors have made a good faith effort to identify all 365 Contracts that may be susceptible to being assumed and assigned in connection with the Sale Transaction, they may discover additional contracts that the Debtors and the Successful Bidder(s) desire to assume and assign in connection therewith. Accordingly, if at any time after the entry of the Sale Order, the Debtors identify additional prepetition executory contracts that may be subject to being assumed and assigned to the Successful Bidder(s), the Debtors shall serve a supplemental notice of assumption and assignment (the "Supplemental Assumption and Assignment Notice") by facsimile, electronic transmission, hand delivery or overnight mail on (i) the counterparty to each supplemental 365 Contract at the last known address available to the Debtor and (ii) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 by no later than ten (10) days before the proposed effective date of the assignment. Each such Supplemental Assumption and Assignment Notice shall set forth (i) the name and address of the contract counterparty, (ii) notice of the proposed effective date of the assignment (subject to the right of Successful Bidder(s) to withdraw such request for assumption and assignment of the contract prior to the Closing), (iii) identification of the Contract, (iv) the Cure Costs, if any, to the extent such 365 Contract has been designated for assumption and assignment by a Successful Bidder, and (v) the proposed adequate assurance.

PLEASE TAKE FURTHER NOTICE that this Notice of Assumption and Assignment is subject to the fuller terms and conditions of the Sale Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety. Parties with questions regarding the proposed assumption, assignment, and sale procedures contained herein should contact the Debtors' counsel at the contact information provided below.

The inclusion of a 365 Contract on Exhibit A does not mean that such 365 Contract will be assumed or assigned in connection with the Sale Transaction or that the Debtors or any Successful Bidder will make any cure payment in connection with such 365 Contract.

**Exhibit A**

**365 Contracts**

| Debtor | Contract Counterparty | Contract Description | Cure Costs |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |