

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 29, 2026**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NFN8 GROUP, INC., | § | Case No. 26-10193 |
| NFN8 CAPITAL, LLC and | § | Case No. 26-10194 |
| NFN8 HOLDINGS, LLC, | § | Case No. 26-10195 |
| | § | |
| Debtors.[1] | § | (Jointly Administered Under |
| | § | Case No. 26-10193) |

### ORDER GRANTING DEBTORS' MOTION TO CONVERT THEIR CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Came on for consideration the *Debtors' Motion to Convert Their Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* (the "**Motion**"), filed by NFN8 Group, Inc., NFN8 Capital, LLC, and NFN8 Holdings, LLC, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"). The Court, having considered the Motion and the relevant facts and law, finds that the Debtors are entitled to convert these chapter 11 cases to cases under chapter 7

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: NFN8 Group, Inc. (9858); NFN8 Capital, LLC (4533); and NFN8 Holdings, LLC (3809). The Debtors' service address is 13809 Research Boulevard, Suite 785, Austin, Texas 78750.

12008938v1 (75537.00003.000)

1

pursuant to section 1112(a) of the Bankruptcy Code, that notice of the Motion was sufficient under the circumstances, and that no further notice is required.  Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      Each of the Debtors' chapter 11 cases is hereby converted to a case under chapter 7 of the Bankruptcy Code, effective as of the date of entry of this Order (the "**Conversion Date**").

3.      The Debtors shall cooperate with the chapter 7 trustee in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rule 1019.

4.      Nothing in this Order shall alter, amend, or otherwise modify the rights, liens, priorities, claims, or protections of the DIP Lender or any other party under any prior order entered in these chapter 11 cases, including the final order approving the DIP Facility [Doc. 103] and the *Order (A) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, and Other Interests to EXO1 LLC . . . and (C) Granting Related Relief* [Doc. 175], each of which shall survive the conversion of these cases and remain in full force and effect in accordance with its terms.

5.      This Order shall be binding upon and inure to the benefit of the Debtors, any chapter 7 trustee appointed in these cases, and their respective successors and assigns.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

**PREPARED AND SUBMITTED BY:**

**KANE RUSSELL COLEMAN LOGAN PC**
William R. "Trip" Nix (SBN 24092902)
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: tnix@krcl.com

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

12008938v1 (75537.00003.000)